OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff commenced this small claims action against defendant Class N’ Style Travel & Limousine Ltd. and two individual defendants to recover unpaid wages. After a nonjury trial, the District Court dismissed the action as against the two individual defendants and awarded plaintiff damages in the principal sum of $4,250 as against Class. A judgment to that effect was entered on May 24, 2006.
Thereafter, plaintiff moved to amend the judgment to name First Consumer Credit Management Corp. (FCCM) as the judgment debtor instead of Class, in order to reflect what he alleged was the true name of this defendant. Plaintiff claimed that he had been unable to enforce the judgment against Class because it had gone out of business and transferred its assets to FCCM. The court granted plaintiffs motion to the extent of ordering a hearing to determine the true name of defendant Class, or any name in which this defendant may have conducted business at the time of the occurrence upon which the judgment was based (see UDCA 1814; CPLR 5019), with a direction that plaintiff be prepared to present evidentiary proof that FCCM was liable to him for the unpaid wages which were the subject of the instant small claims action. Following the hearing, the court denied plaintiffs motion to amend, and this appeal ensued.
UDCA 1814 mandates that the Small Claims Part inquire into the true name of the defendant and permits a nunc pro tunc order to effect a name correction even after judgment in order to assist a successful plaintiff in enforcing the judgment, as if the defendant had been properly denominated. The standard for permitting the amendment “should be whether there is anything at all about the way the defendant has referred to itself in conducting its business that could reasonably have led the claimant to name the defendant as it was in fact named in the initial small claims papers” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 1814). In the instant case, the evidence at the hearing did not show that FCCM was conducting business in the name of Class, and therefore supported the District Court’s determination that *10 Class was the appropriately named entity against which liability was found. We note that if Class’ conduct violated the laws prohibiting fraudulent conveyances (see Debtor and Creditor Law art 10), a motion to amend the judgment is not an appropriate basis to seek relief for such violation (cf. Parent v Amity Autoworld, Ltd., 15 Misc 3d 633 [2007]). Consequently, the court did not err in denying plaintiffs motion.
Rudolph, EJ., Tanenbaum and LaCava, JJ., concur.