OPINION OF THE COURT
Per Curiam.
Appeal from order, entered April 16, 2013, deemed an appeal from the ensuing judgment (same court and Judge), entered on or about May 10, 2012, and so considered (see CPLR 5520 [c]), judgment reversed, without costs, and matter remanded for further proceedings consistent with this decision.
Following the trial of this small claims matter, judgment was awarded in favor of plaintiff against the sole party defendant, an entity named as Uncle Sam’s New York, LLC. When plaintiffs enforcement efforts proved unsuccessful, he moved to amend the judgment to name an additional entity, Uncle Sam’s USA Holdings LLC, as a judgment debtor. The grant of that initial amendment motion by plaintiff is not the subject of this appeal. Plaintiff thereafter once again moved to amend the judgment, this time to substitute two additional entities as party defendants, including appellant Uncle Sam’s Tours Inc. In the order appealed from, Civil Court granted plaintiff’s second amendment motion based on unspecified proof said to have been presented at the untranscribed oral argument of the motion.
CCA 1814 authorizes the court in a small claims action to correct a faulty designation of a party defendant, even after rendition of a judgment, to reflect the defendant’s proper name, so as to assist a prevailing plaintiff in enforcing the judgment. In assessing whether such an amendment is warranted, the test is “whether there is anything at all about the way the defendant has referred to itself in conducting its business that could reasonably have led the claimant to name the defendant as it was in fact named in the initial small claims papers” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Part 3, CCA 1814 at 321).
It cannot be determined on the present appellate record, such as there is, whether appellant is a separate jurai entity from the *83 initially named defendant or, as plaintiff seems to argue, that the two corporations are “part and parcel of a single, existing business operation” (Bruna v National Westminster Bank, 138 Misc 2d 548, 551 [1988]). An evidentiary hearing is required to resolve this fact-laden inquiry (see Bennett v Class N’ Style Travel & Limousine Ltd., 23 Misc 3d 8 [2009]). In remanding on this basis, we express no view regarding the ultimate outcome of plaintiff’s most recent postjudgment application, other than to say that a motion to amend the judgment is not the appropriate vehicle to address a judgment debtor’s fraudulent conveyance of assets (see Bennett at 10).
Lowe, III, EJ., Shulman and Torres, JJ., concur.