Gennadiy Litvak, Respondent,
against
Comfort Auto Group NY, LLC, Doing Business as Chrysler Dodge Jeep Ram Fiat of Bay Ridge, Appellant.




Labonte Law Group, PLLC (Scott H. Mandel of counsel), for appellant.
Gennadiy Litvak, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J), entered December 7, 2017. The order granted plaintiff's postjudgment motion to amend the caption to change the name of defendant from Bayridge Chrysler Jeep Dodge to Comfort Auto Group NY, LLC, Doing Business as Chrysler Dodge Jeep Ram Fiat of Bay Ridge.




ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination of plaintiff's motion to change the name of defendant from Bayridge Chrysler Jeep Dodge to Comfort Auto Group NY, LLC, Doing Business as Chrysler Dodge Jeep Ram Fiat of Bay Ridge, following a hearing.
In June 2017, plaintiff commenced this small claims action against Bayridge Chrysler Jeep Dodge, with notice of the claim sent to 8825 5th Avenue, Brooklyn, New York, seeking to recover unpaid wages and commissions. The named defendant failed to appear or answer and, following an inquest, a judgment was awarded in favor of plaintiff against Bayridge Chrysler Jeep Dodge in the principal sum of $5,000. In November 2017, plaintiff moved, pursuant to CCA 1814, to amend the caption and the judgment to substitute Comfort Auto Group NY, LLC, Doing Business as Chrysler Dodge Jeep Ram Fiat of Bay Ridge as the defendant and judgment debtor. In support of his motion, plaintiff submitted an affidavit in which he stated that, at the time he commenced the action, he had believed defendant's name to be Bayridge Chrysler Jeep Dodge, and that he had subsequently come to believe that defendant's name is Comfort Auto Group NY, LLC, Doing Business as Chrysler Dodge Jeep Ram Fiat of Bay Ridge (Comfort Auto Group). No basis was stated for this belief. Plaintiff served his motion on defendant Bayridge Chrysler Jeep Dodge at the same address where the notice of claim had originally been sent. In [*2]opposition to plaintiff's motion, Comfort Auto Group submitted the affidavit of Heshy Gottdiener, who provided a history of various business transactions concerning Comfort Auto Group, and denied that Comfort Auto Group was the same entity as Bayridge Chrysler Jeep Dodge or was liable for its debts. Comfort Auto Group also submitted an affirmation by its attorney in opposition to plaintiff's motion. The Civil Court granted plaintiff's motion without an evidentiary hearing.
In the Small Claims Part of the Civil Court, CCA 1814 (a) permits a plaintiff who is ignorant of the defendant's true name to proceed against that defendant in any name it uses in conducting business. CCA 1814 (b) permits a nunc pro tunc order in a small claims action to correct a faulty designation of a party defendant, even after the rendition of a judgment, in order to assist a prevailing plaintiff in enforcing the judgment (see Bennett v Class N' Style Travel & Limousine Ltd., 23 Misc 3d 8 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also Goldstein v Uncle Sam's NY LLC, 41 Misc 3d 81 [App Term, 1st Dept 2013]). The test for determining whether a postjudgment name amendment is warranted is " 'whether there is anything at all about the way the defendant has referred to itself in conducting its business that could reasonably have led the claimant to name the defendant as it was in fact named in the initial small claims papers' " (Goldstein v Uncle Sam's NY LLC, 41 Misc 3d at 82, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Part 3, CCA 1814 at 321). 
Plaintiff's moving papers, which failed to explain the basis for plaintiff's belief that Comfort Auto Group was the correct defendant, were inadequate even to establish plaintiff's right to a hearing on his motion for a postjudgment amendment of defendant's name. However, the papers Comfort Auto Group submitted in response to plaintiff's motion papers, which had been served on Bayridge Chrysler Jeep Dodge, demonstrate that an issue exists as to whether Comfort Auto Group was defendant's correct name. Consequently, an evidentiary hearing is required (see Goldstein v Uncle Sam's NY LLC, 41 Misc 3d 81). We note that if, rather than simply misnaming the defendant, plaintiff sued the wrong entity when he commenced this action, CCA 1814 would not provide a proper vehicle to change the name of the defendant.
We reach no other issue.
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination of plaintiff's motion to change the name of defendant from Bayridge Chrysler Jeep Dodge to Comfort Auto Group NY, LLC, Doing Business as Chrysler Dodge Jeep Ram Fiat of Bay Ridge, following a hearing.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2019